**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:10-CV-62**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION TRUST FUND OF IBEW LOCAL UNION NO. 58, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>COMMSCOPE, INC., FRANK M. DRENDEL, JEARLD L. LEONHARDT and BRIAN GARRETT,<br><br>      Defendants. | CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL |

Proposed lead plaintiff New York State Teamsters Conference Pension and Retirement Fund (the "NY State Teamsters"), respectfully submits this Memorandum of Law in support of its motion for: (1) appointment as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel and Essex Richards, P.A. ("Essex Richards") as Liaison Counsel pursuant to the PSLRA.

**I. Statement of the Nature of the Matter Before the Court**

This action is brought on behalf of persons who purchased or otherwise acquired the common stock of CommScope, Inc. ("CommScope" or the "Company") between April 29, 2008 and October 30, 2008, inclusive (the "Class Period"). The action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court is now to appoint as lead plaintiff the movant with the largest financial interest in

- 1 -

the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the NY State Teamsters should be appointed as Lead Plaintiff because it: (1) timely filed its motion; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the NY State Teamsters's selection of Robbins Geller as Lead Counsel and Essex Richards as Liaison Counsel should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Robbins Geller has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members as Lead Counsel.  *See, e.g.*, *In re Krispy Kreme Doughnuts, Sec. Litig.*, No. 04-cv-0416, 2004 U.S. Dist. LEXIS 26282 (M.D.N.C. Oct. 6, 2004) (appointing Robbins Geller lawyers as lead counsel); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the class's interests").

## II.     Statement of Facts

CommScope provides infrastructure solutions for communication networks worldwide.  The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects.  Specifically, the complaint alleges that defendants failed to disclose: (i) that the Company was experiencing weaker demand for its cabinet and apparatus products by certain telecommunication service providers; (ii) that the Company's distributors were working off existing inventory and not re-stocking the Company's products; and (iii) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On October 30, 2008, the Company announced its financial results for the third quarter of 2008, the period ended September 30, 2008.  In response to the earnings announcement and the

Company's reduced outlook for the fourth quarter and full year 2008, on October 31, 2008, shares of the Company's stock fell $5.48 per share, or 27%, to close at $14.71 per share, on unusually heavy trading volume.

### III.     A Statement of the Questions Presented

1. Should the NY State Teamsters be appointed Lead Plaintiff?

2. Should the NY State Teamsters's selection of Lead and Liaison Counsel be approved?

### IV.     Argument

#### A.     The NY State Teamsters Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointing lead plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *Business Wire* on May 12, 2010. *See* Affidavit of Norris A. Adams, II in Support of Motion to Appoint NY State Teamsters as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Adams Aff."), Ex. A.  Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the

interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

Moreover, the NY State Teamsters is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

### 1. The NY State Teamsters Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must do so by July 12, 2010. 15 U.S.C. §78u-4(a)(3)(A)(II). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the NY State Teamsters hereby moves this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the class.

### 2. The NY State Teamsters Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the NY State Teamsters suffered a loss of approximately $1,328,191.66 based on its purchase of 46,501 shares at a cost of $2,034,584.07. Adams Aff., Ex. C. Accordingly, upon information and belief, the NY State Teamsters has the largest financial interest in the outcome of this litigation. 15 U.S.C. §78u-4(a)(3)(B).

### 3. The NY State Teamsters Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Cendant*, 264 F.3d at 264-65. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted

which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted). The court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (citation omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The NY State Teamsters satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased CommScope common stock during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, the NY State Teamsters's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, the NY State Teamsters is an adequate representative of the class because its interest in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the

- 6 -

Case 5:10-cv-00062-RLV-DSC   Document 8   Filed 07/12/10   Page 6 of 9

market. There is no antagonism between the NY State Teamsters's interests and those of the other members of the class. In addition, as demonstrated below, the NY State Teamsters's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the NY State Teamsters *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## V. The NY State Teamsters's Selection of Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the NY State Teamsters, as the presumptively most adequate plaintiff, has selected Robbins Geller to serve as Lead Counsel and Essex Richards to serve as Liaison Counsel, subject to this Court's approval. They possess extensive experience litigating securities class actions and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Robbins Geller has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Adams Aff., Exs. D and E.

## VI. Conclusion

For the foregoing reasons, the NY State Teamsters satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). The NY State Teamsters respectfully request that the Court: (1) appoint it as Lead Plaintiff pursuant to §21D(a)(3)(B); and (2) approve its selection of Robbins Geller as Lead Counsel and Essex Richards as Liaison Counsel.

- 7 -

Case 5:10-cv-00062-RLV-DSC   Document 8   Filed 07/12/10   Page 7 of 9

DATED:  July 12, 2010            ESSEX RICHARDS, P.A.
                                 NORRIS A. ADAMS, II (N.C. Bar No. 32552)
                                 MARC GUSTAFSON (N.C. Bar No. 34429)


                                 s/ Norris A. Adams II
                                 NORRIS A. ADAMS, II

                                 1701 South Boulevard
                                 Charlotte, NC  28203-4727
                                 Telephone:  704/377-4300
                                 704/372-1357 (fax)
                                 nadams@essexrichards.com
                                 mgustafson@essexrichards.com

                                 [Proposed] Liaison Counsel

                                 ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                 PAUL J. GELLER
                                 120 East Palmetto Park Road, Suite 500
                                 Boca Raton, FL  33432
                                 Telephone:  561/750-3000
                                 561/750-3364 (fax)

                                 ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                 SAMUEL H. RUDMAN
                                 DAVID A. ROSENFELD
                                 MARIO ALBA JR.
                                 58 South Service Road, Suite 200
                                 Melville, NY  11747
                                 Telephone:  631/367-7100
                                 631/367-1173 (fax)

                                 [Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice, and I hereby certify that I have served all counsel on the attached service list via U.S. Mail (non-filing users).

                                                         s/ Norris A. Adams II
                                                        Norris A. Adams II